IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WAYNE PAUL BURKETT, | ) |
|---|---|
| Plaintiff, | ) |
| | ) Civil Action No. 3:11-cv-00037 |
| v. | ) |
| | ) Judge Kim R. Gibson |
| CAROL A. NEWMAN, | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| Defendant. | ) ECF No. 9 |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 9) pursuant to Rule 12(b)(6) be granted with prejudice.

## II. REPORT

Plaintiff has filed this civil action *pro se* pursuant to 42 U.S.C. §1983 wherein Plaintiff alleges that Defendant violated his right of access to the courts under the First Amendment to the U.S. Constitution. Specifically, Plaintiff alleges that Defendant delayed in submitting his Notice of Appeal and official transcripts regarding Plaintiff's Post-Conviction Relief Act ("PCRA") petition to the Superior Court of Pennsylvania and the delay deprived Plaintiff of a final review before the Supreme Court of Pennsylvania. Plaintiff further alleges that Defendant's failure to follow through with a court order to supply Plaintiff with a copy of his complete record interfered with and impeded his access to the courts. Plaintiff seeks declaratory relief in the form of a court order stating that Defendant's actions constituted a violation of Plaintiff's First Amendment right of access to the courts and punitive and compensatory damages.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 1343. Venue lies in this district as both parties reside within the district and a substantial portion of the acts alleged in support of the Plaintiff's civil rights claim occurred in this district.

Defendant seeks to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted as a matter of law, contending that Defendant's actions do not meet the threshold requirements for a violation of the First Amendment access to courts claim. For the reasons set forth below, the Court recommends that Defendants' motion for dismissal be granted with prejudice.

### A. Relevant Facts

The facts, viewed in the light most favorable to the Plaintiff, Wayne Paul Burkett, are as follows. At all relevant times, and until October 27, 2010, Wayne Paul Burkett (hereinafter "Plaintiff") was an inmate at SCI-Huntingdon. On March 27, 2009, the final order denying Plaintiff's initial PCRA petition was issued. (Compl. ¶5, ECF No. 3.) On April 29, 2009, Plaintiff filed a Notice of Appeal in the Court of Common Pleas of Blair County, Pennsylvania ("court of common pleas") appealing the denial of his PCRA petition. Carol A. Newman (hereinafter "Defendant") is the Prothonotary in the court of common pleas.

On May 15, 2009, the court of common pleas ordered Defendant to provide Plaintiff with copies of the complete record of Plaintiff's case, on file with the Defendant, within thirty (30) days. (Compl. ¶8, ECF No. 3.) Defendant failed to provide Plaintiff with copies of any filings. (Compl. ¶9, ECF No. 3.)

On July 14, 2009, Defendant notified the Superior Court of Pennsylvania of Plaintiff's Notice of Appeal.[1] (Compl. ¶10, ECF No. 3.) On July 28, 2009, according to Plaintiff, the

---

[1] In his Complaint Plaintiff dates the filing of the Notice of Appeal as July 14, 2010. This

official record of Plaintiff's PCRA petition was due in the superior court. (Compl. ¶11, ECF No. 3.) On May 13, 2010, Defendant transmitted the official record of Plaintiff's PCRA petition to the superior court. (Compl. ¶14, ECF No. 3.) On September 30, 2010, the superior court affirmed the order of the court of common pleas, denying the PCRA appeal. (Compl. ¶16, ECF No. 3.) On October 27, 2010, Plaintiff's sentence expired and he was released from custody. (Compl. ¶17 ECF No. 3.) The delay in the decision of the superior court, allegedly caused by the delay in transmitting the official record to that court, resulted in Plaintiff's inability to file a PCRA appeal to the Supreme Court of Pennsylvania as he was released from custody. Subsequently, Plaintiff initiated the present action on April 14, 2011. Thereafter, Defendant filed a motion to dismiss, which has been fully briefed and responded to. Thus, the motion to dismiss is ripe for disposition.

  C. **<u>Legal Standard – Motion to Dismiss</u>**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1960 (May 18, 2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949 (citing *Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement,"
> but it asks for more than a sheer possibility that a defendant has

---

appears to be a typographical error; logically the date could not be the year 2010.

> acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57). The court of appeals expounded on this standard in its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*.

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal,* the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler,* 578 F.3d at 210-11 (citing *Iqbal,* 129 S.Ct. at 1949). Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id.* at 211 (citing *Iqbal,* 129 S.Ct. at 1950). To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id.* (citing *Phillips* at 234-35). In applying this plausibility standard, the reviewing court makes a context-specific inquiry, drawing on its judicial experience and common sense. *Id.* (citing *Iqbal,* 129 S.Ct. at 1950).

Courts generally consider only the allegations of the complaint, the attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. v. White Consol.*

*Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint may also be weighed if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). A district court may consult those documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

## D. Discussion

In her motion to dismiss, Defendant argues that Plaintiff has failed to establish facts sufficient to plead a violation of the right of access to the courts under the First Amendment. Specifically, Defendant produces an argument in three parts. Defendant first argues that Plaintiff fails to establish that Defendant's actions were directed at denying relief to Plaintiff. (Def.'s Br. in Supp. Mot. to Dismiss ("Def.'s Br.") at 3, ECF No. 10.) Secondly, Defendant argues that Plaintiff failed to establish that he was prevented from filing suit or that his access to the courts was ineffective and meaningless. (Def.'s Br. at 5, ECF No. 10.) Finally, Defendant argues that Plaintiff fails to allege facts to establish an actual injury. (Def.'s Br. at 7, ECF No. 10.) The Court will consider each of these arguments in turn.

### 1. Failure to Establish that Defendant's Actions were Directed at Denying Relief to Plaintiff

Defendant argues that Plaintiff has failed to establish that Defendant's actions were directed at denying relief for Plaintiff. Defendant relies on *Gibson,* wherein the Third Circuit adopted the reasoning of the Sixth Circuit, stating:

> a denial of access claim is available where the state officials "*wrongfully and intentionally* conceal information crucial to a person's ability to obtain redress through the courts, and do so *for the purpose of frustrating that right*, and that concealment, and the delay engendered by it substantially reduce the likelihood of one's obtaining the relief to which one is otherwise entitled.

5

*Gibson v. Superintendent of N.J. Dep't of Law and Pub. Safety,* 411 F.3d 427, 445 (3d Cir. 2005) *overruled in part on other grounds as noted in Dique v. N.J. State Police,* 603 F.3d 181 (3d Cir. 2010) (emphasis in original) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003)) (quoting *Swekel v. City of River Rouge,* 119 F.3d 1259, 1262-63 (6th Cir. 1997)). Plaintiff does not respond directly to this argument.

In *Gibson,* the inmate plaintiff alleged that state police officers and other government officials had wrongfully and intentionally concealed exculpatory material concerning racial profiling by the state police department, the surfacing of which, led to the reversal of the plaintiff's conviction. *Gibson*, 411 F.3d at 445. Specifically, in *Gibson* the plaintiff alleged that the actions of the attorney general defendants "obfuscated the real extent of racial profiling" by intentionally withholding and suppressing a racial profiling report, which denied him the opportunity to obtain his release for several years. *Id*. The court of appeals held that although the attorney general defendants' actions had the unfortunate result of perpetuating his incarceration for several years, the plaintiff had alleged no facts to show that the actions of attorney general defendants were directed at denying relief "to people like the plaintiff". *Id.* at 446-47.

Here, Plaintiff has failed to show that the actions by Defendant were directed at denying PCRA relief to Plaintiff. Plaintiff alleges that Defendant knowingly and intentionally failed to immediately submit Plaintiff's Notice of Appeal and court of common pleas court records to the superior court or to provide a copy of the complete record to Plaintiff. (Compl. ¶7, ECF No. 3.) ("Defendant knowingly and intentionally failed to immediately transmit to the Prothonotary of the Superior Court of Pennsylvania, a copy of Plaintiff's Notice of Appeal").[2] As stated in the

---

[2] Plaintiff also alleges: "Defendant knowingly and intentionally failed to supply Plaintiff with a complete record of all filings as ordered." (Compl. ¶9, ECF No. 3.) "Defendant knowingly and intentionally failed to transmit the record to the Appellate Court pursuant to Pa.R.A.P. Rule

Complaint, Plaintiff asserts legal conclusions and not facts supporting the actions of Defendant. Therefore, like the plaintiff in *Gibson,* here Plaintiff has failed to allege sufficient facts to show or suggest that Defendant's failure to forward his notice of appeal and certified record to the superior court and to provided him with a copy of the record were done with the purpose of denying him PCRA relief.

### 2. Failure to Establish that Plaintiff was Prevented from Filing Suit or that his Access to the Courts was Ineffective or Meaningless

Next, Defendant claims that Plaintiff failed to establish facts to show that his access to the courts was prevented or rendered ineffective or meaningless by the actions of Defendant. (Def.'s Br. at 5, ECF No. 10.) Relying on Third Circuit precedent, Defendant argues that:

> [A plaintiff] typically cannot recover for any cover-ups or discovery abuses after an action has been filed inasmuch as the trial court can deal with such situations in the ongoing action…Thus, only prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation.

*Marasco*, 318 F.3d at 511 (citing *Swekel*, 119 F.3d at 1262-63). Plaintiff does not respond directly to this argument.

In *Marasco,* prior to filing suit, state officials allegedly intentionally delayed discovery of suspect's body to prevent a definitive autopsy, among other claims of withholding evidence. *Marasco,* 318 F.3d at 511. The court of appeals in *Marasco* ultimately ruled that defendants had not violated the plaintiff's right of access claim because the plaintiffs did not show that they were prevented from filing the present claim or that the delay, due to the alleged concealment, rendered their access to the courts ineffective or meaningless. *Id*. The *Marasco* court concluded that the plaintiffs "were able to bring this action and present substantial evidence of central

---

1931(a)." (Compl ¶13, ECF No. 3.)

7

importance to their case" and that the plaintiffs were able to sufficiently develop the facts of their case. *Id*. at 512. Even though the court affirmed the dismissal of the plaintiff's access to courts claim, Marasco does not help Defendant here because the court of appeals was not asked to decide whether a post-filing delay could rise to the level of a constitutional violation of plaintiff's First Amendment right of access to the courts.

Defendant also relies on *Garcia v. Dechan*, Civ. A. No. 09-1642, 2009 WL 3681887, *1 (D.N.J. Nov. 2, 2009). In that case, the inmate plaintiff alleged that prison officials refused to copy transcripts and other documents that plaintiff wished to submit to his pending state court actions and appeals. Specifically, the plaintiff in *Garcia* alleged that the failure to obtain copies of transcripts and other documents delayed his ability to file a motion for a new trial, the notice of appeal for his denied PCRA petition, and a second, separate, PCRA petition which the plaintiff wished to file in the trial court while his PCRA appeal was pending. *Garcia,* 2009 WL 3681887, at *1-2. However, the *Garcia* court concluded that because the plaintiff did not allege that defendants refused to permit him to initiate an action or appeal, these abuses occurred post-filing and the state courts were able to deal with the allegations in the pending proceedings. *Id*. at *10.[3] Because his case was pending before state court, the Garcia court considered the actions to have occurred post-filing and failed to state an access to courts claim.

Similarly here, Plaintiff was able to file his PCRA petition and subsequent appeal with the court of common pleas even though Defendant delayed sending the notice of appeal and record to the superior court. Plaintiff is alleging delay of information post-filing and not that

---

[3] Regarding the plaintiff's second PCRA petition in the trial court, which the plaintiff was unable to file allegedly because the defendants refused to copy documents from his initial PCRA petition. The district court found that defendants' alleged refusal to copy the transcripts did prevent the plaintiff from filing in state court. *Garcia*, 2009 WL 3681887, at *11. However, the district court found that the plaintiff did not suffer an actual injury as the statute of limitations for filing the claim had expired several years prior. *Id*. at *11.

8

Defendant concealed information either by a cover-up or abuse of discovery occurring prefiling preventing Plaintiff from filing or rendering his access ineffective or meaningless. Therefore, Plaintiff has failed to allege sufficient facts to show or suggest that Defendant's actions prevented Plaintiff from filing his PCRA petition or that such actions rendered his access to the court ineffective or meaningless.

### 3. Failure to Suffer an Actual Injury

Finally, Defendant submits that Plaintiff fails to allege facts that would establish that he suffered an actual injury. (Def.'s Br. at 7, ECF No. 10.) Specifically, Defendant argues that Plaintiff alleges, at most, a *possible* injury because Plaintiff was released before he could appeal to the Supreme Court of Pennsylvania, which holds discretionary review over appeals.[4] Defendant also argues that the denial of Plaintiff's PCRA petition at the trial court and appellate levels runs contrary to Plaintiff's burden of identifying a "nonfrivolous and arguable" underlying claim. (Def. Br., at 9, ECF No. 10.) In response to Defendant's arguments, Plaintiff contends that delay is enough to constitute an actual injury, and that he need not show his underlying claim will prevail but only that it is nonfrivolous. (Pl.'s Br. in Resp. to Def.'s Mot. to Dismiss ("Pl.'s Br. in Resp.") at 5, ECF No. 12.)

Defendant submits that the Supreme Court of Pennsylvania holds discretionary authority to hear a PCRA petition appeal and therefore, Defendant suffered no prejudice sufficient to sustain an actual injury. Pursuant to Pa. R.A.P. 1114, "review of a final order of the Superior Court…is not a matter of right, but of sound judicial discretion, and an appeal will be allowed

---

[4] Defendant further argues that based on *Heck v. Humphry*, 512 U.S. 477 (1994), there is the possibility that Plaintiff's claim would be barred because granting Plaintiff's §1983 claim would have the effect of reversing his conviction. The Court disagrees. Plaintiff is not asking for the court to reverse his conviction by overturning his PCRA claim. Furthermore, Plaintiff has already served his sentence. Plaintiff is stating that a delay interfered with his ability to appeal his PCRA claim at the highest appellate level. Therefore, the Court rejects this argument.

only when there are special and important reasons therefor." *see also,* 42 Pa C.S. §724(a). Defendant offers no supporting cases for this argument. The standard for suffering an actual injury regarding a right-to-access claim is stated in *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996). In *Lewis,* the Supreme Court held that the plaintiff must have suffered an actual injury to trigger relief, an injury that "hindered his efforts to pursue a legal claim." *Id.* at 351. Therefore, in pursuing a denial of access claim, a plaintiff must allege an underlying cause of action, either anticipated or lost, constituting the actual injury, and the official acts frustrating the litigation. *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). *see also Oliver v. Fauver,* 118 F.3d 175, 177-78 (3d Cir.1997) (holding that inmate could not meet the actual injury standard of *Lewis* as a result of the alleged interference with legal mail). Conclusory allegations that an inmate suffered prejudice are insufficient to sustain an access to courts claim. *Acre v. Walker,* 58 F.Supp.2d 39, 44 (W.D.N.Y.1999).

In the absence of cited cases by Defendant, the Court refers to *Swanson* as guidance on whether an actual injury exists regarding a discretionary appeal. *Swanson v. Bradshaw*, Civ. No. 1:04CV618, 2005 WL 1126760 (N.D.OH. May 3, 2005). In *Swanson*, the plaintiff alleged prison officials had wrongfully delayed his mail resulting in a missed filing deadline for a direct appeal of his conviction to the Ohio Supreme Court. The district court held that a discretionary appeal does not satisfy the actual injury requirement identified in *Lewis*. "This requirement is only satisfied by specific types of impeded, nonfrivolous claims, including direct appeals from convictions, petitions for habeas relief, and civil rights claims." *Swanson*, 2005 WL 1126760 at *4 (citing *Lewis,* 518 U.S. at 354-55). A plaintiff has not suffered an actual injury where the defendant has allegedly prevented the plaintiff from filing a discretionary appeal. *See Hall v. Sec'y for Dep't of Corrections,* 304 F. App'x 848, 850 (11th Cir. 2008) (holding that no actual

injury in access to courts claim where plaintiff was prevented from filing a discretionary appeal related to a motion to correct an illegal sentence already considered on the merits). *See also Barefoot v. Pickett,* Civ. No. 5:06-CT-3113-FL, 2010 WL 4974561 (E.D.N.C. Dec. 1, 2010) (holding that no actual injury in access to court claim where plaintiff missed a filing deadline for a rehearing en banc, already adjudicated on the merits, with no evidence to demonstrate that motion was nonfrivolous).

Here, Plaintiff is alleging that the delay caused by Defendant denied him subsequent appellate review in the Supreme Court of Pennsylvania. An appeal of a PCRA petition to the Supreme Court of Pennsylvania is discretionary. Furthermore, Plaintiff alleges no action by Defendant that prevented him from filing an appeal with the Supreme Court of Pennsylvania, aside from a delay in filing an appeal to the superior court. (Compl. ¶15, ECF No. 3.) Plaintiff states that he was no longer able to appeal to the Supreme Court of Pennsylvania "as Plaintiff's sentence expired on October 27, 2010." (Compl. ¶18, ECF No. 3.) Based on *Swanson* and *Hall* the Court finds that a delay caused by a previous proceeding, that denies the plaintiff a chance to file a discretionary appeal, does not rise to an actual injury.

In addition, none of the cases cited by Plaintiff support the conclusion that delay alone is sufficient to show an actual injury. Plaintiff first cites a footnote in *Lewis*, attempting to establish delay as an actual injury. *Lewis,* 518 U.S. at 353 n.4. However, the Supreme Court only found two instances of actual injury: illiterate inmates whose cases were dismissed with prejudice as a result of receiving inadequate legal assistance. The injury was the lost legal opportunity. *Id.* at 356. In the second case cited by Plaintiff, the *Simkins* court held that there was an actual injury where the inmate plaintiff was moved to a different prison facility and his mail was not forwarded to this facility for over one year resulting in an uncontested motion for

11

summary judgment, which led to that court's granting of the motion. *Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005). There, the actual injury was the plaintiff's loss of the right to defend his claim. In the next case cited by Plaintiff, *Agresta*, the court held that the plaintiff had suffered an actual injury, sufficient for standing, when government officials purposely tried to pass legislation to retroactively repeal a waiver of governmental immunity for negligent conduct, which would have made it impossible for plaintiffs to file a wrongful death claim. *Agresta v. Good,* 797 F.Supp. 399, 403 (E.D.Pa. 1992). The intent to strip the plaintiff of any remedy was the injury. Plaintiff misunderstands the holding in his last cited case, *McCullough,* which reverses and remands the dismissal of the plaintiff's access to courts claim by the district court. The district court *sua sponte* dismissed plaintiff's claim for lack of an "arguable legal theory," and reasoned that the defendant was entitled to absolute immunity for failure to distribute the plaintiff's transcript to him. *McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995). The court of appeals was not convinced that the failure to provide a transcript to the plaintiff constituted a discretionary act entitling the defendant to immunity. *Id.* By contrast here, Plaintiff has alleged no such loss.

Defendant also argues that Plaintiff has not shown his underlying claim to be nonfrivolous or arguable, and that denial of Plaintiff's PCRA petition at the trial court and appellate court levels goes against his burden of showing a nonfrivolous and arguable underlying claim. (Def.'s Br. at 9, ECF No. 10.) The requirements for pleading an underlying claim in access to courts claims is illustrated in *Christopher,* 536 U.S. at 405-06. (holding that plaintiff failed to state an access to courts claim absent identification of underlying cause of action that alleged concealment of evidence had prejudiced). The underlying claim must be "described well

enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416.

Defendant relies on *Gordon*, wherein the plaintiff was not able to show an actual injury to withstand a motion for summary judgment. *Gordon v. Morton,* 131 F.App'x 797 (3d Cir. 2005). In *Gordon*, the plaintiff was denied his PCRA petition by the trial court. Rather than appealing his PCRA petition, the plaintiff filed an access to courts claim in the district court and alleged that he was denied access to the courts due to the confiscation of his legal materials by correction officer defendants prior to his PCRA hearing. The *Gordon* court found that there was no actual injury because the trial court held that none of the plaintiff's PCRA claims were cognizable. *Id.* at 798. The Third Circuit held that, "[b]ecause we do not generally second guess state court decisions interpreting matters of state law…Gordon has not sufficiently demonstrated an actual injury". *Id.* at 798-99. The holding in *Gordon* relies on the state court's conclusion that the underlying claim is not cognizable.

Here, Plaintiff's PCRA claim was denied by the trial court and the superior court. However, there is no evidence in the record that Plaintiff's PCRA claim is not cognizable. Defendant's conclusion, that Plaintiff's claim is frivolous because it was denied twice in successive courts, mistakes the requirement of stating facts to show a loss or rejection of a claim for facts to show that the claim would have prevailed in the Supreme Court of Pennsylvania. Plaintiff relies on *Lewis* to establish that a plaintiff does not have to show that his underlying claim would have prevailed, but only that it was not frivolous, to state an access to courts claim. (Pl. Br. in Resp. at 5 ECF No. 13.) ("Consistent with these points a plaintiff need not show that a claim with which a defendant interfered would have prevailed, but only that it was not frivolous." *Simkins,* 406 F.3d at 1244 (citing *Lewis,* at 353 & n.3). However, Plaintiff does not

identify arguments that he was not able to raise on appeal to the superior court, nor does Plaintiff allege in his Complaint any facts describing the underlying claim in order to indicate whether the claim is nonfrivolous and arguable. Thus Plaintiff has failed to allege sufficient facts to show or suggest that his PCRA petition was nonfrivolous and arguable.

### D. Leave to Amend

In a civil rights case, a court must *sua sponte* allow a plaintiff leave to amend his or her complaint unless it would be inequitable or futile to do so. *Phillips*, 515 F.3d at 245; *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Granting Plaintiff leave to amend his Complaint would be futile as the Court determined that Plaintiff failed to allege facts to show: 1) Defendant's actions were done with the purpose of denying him PCRA relief, 2) Defendant's actions prevented Plaintiff from filing his PCRA petition or that such actions rendered his access to the court ineffective or meaningless, 3) Plaintiff suffered an actual injury or his underlying claim was nonfrivolous and arguable. Furthermore, the Court cannot conceive of any facts that Plaintiff could allege to state a protected property or liberty interest under the Fourteenth Amendment Due Process Claim, or a viable First Amendment claim under the Petition Clause, and thus state a plausible §1983 claim. Therefore, allowing Plaintiff to amend his Complaint would be futile. Accordingly, the Court recommends Defendant's motion to dismiss be granted with prejudice.

### E. Conclusion

For the reasons set forth above, the Court recommends that the Defendants' Motion to Dismiss of Plaintiff's Complaint be granted with prejudice. In accordance with the Magistrate Judges Act, 28 U.S.C. §636(1)(B) and (C), and rule 72.D.2 of the Local Rules of the Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and

Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

February 21, 2012                               By the Court:

                                                 _____
                                                 LISA PUPO LENIHAN
                                                 Chief United States Magistrate Judge

cc:    All Counsel of Record
       *Via Electronic Mail*